UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JACKIE FLEMING, ET AL | CIVIL ACTION |
| VERSUS | NO. 11-2147 |
| JANET NAPOLITANO, SECRETARY DEPARTMENT of HOMELAND SECURITY | SECTION "N" (2) |

# O R D E R AND REASONS

Before the Court is the "**Motion to Dismiss**" (Rec. Doc. 16), filed by Defendant Janet Napolitano, Secretary, Department of Homeland Security ("Defendant"). This motion is opposed by Plaintiffs Jackie Fleming and Rudolph Fleming ("Plaintiffs") (Rec. Doc. 21). After considering the memoranda filed by the parties, including Defendant's Reply Memorandum (Rec. Doc. 24), the Court rules as set forth herein.

## I.   BACKGROUND

Plaintiff Jackie Fleming worked as Transportation Security Officer ("TSO") in the Transportation Security Administration at the New Orleans airport. Plaintiffs allege that from June 28, 2008 to 2010, Mrs. Fleming was subjected to sexual harassment at the hands of her supervisor, Assistant Federal Security Director Rufus Davison ("Mr. Davison"). Plaintiffs state in their complaint that Mr. Davison subjected Mrs. Fleming to unwelcome touching connected with sexual

1

advances while also defaming her character by spreading rumors that she had engaged in sexual activity with him. According to Plaintiffs, Mr. Davison threatened to terminate Mrs. Fleming's employment when she complained about his unwelcome sexual advances. Plaintiffs have brought suit against Defendant because she is the Secretary of the Department of Homeland Security, the agency that oversees the Transportation Security Administration.

## II.  ARGUMENTS OF THE PARTIES

Defendant states that under the Federal Tort Claims Act ("FTCA"), the United States is the proper defendant in this matter. However, Defendant argues that even if Plaintiffs' complaint were amended to name the United States as defendant, the matter must still be dismissed because Plaintiffs' claim arises out of an intentional tort for which the government has not waived sovereign immunity under the FTCA. Because sovereign immunity is jurisdictional, Defendant asserts that Plaintiffs' claim must be dismissed for lack of subject matter jurisdiction. Defendant further argues that Plaintiffs' exclusive remedy for the tort alleged herein is through the Federal Employees' Compensation Act ("FECA").

On the other hand, Plaintiffs argue that if an individual plaintiff would be liable to Plaintiffs for the torts complained of herein, then the United States may also be held liable. Plaintiffs claim that, under Louisiana law, the United States is liable for the actions of Mr. Davison. Plaintiffs further assert that FECA does not provide Ms. Fleming's exclusive remedy for her injuries because there is an intentional tort exception in Lousiana's Workers' Compensation law. Finally, Plaintiffs state that Mr. Davison is a law enforcement officer, and that, as such, the intentional tort exception in the FTCA does not apply to acts committed by him.

2

### III. DISCUSSION

#### A. Legal Standard

As courts of limited jurisdiction, federal courts have subject matter jurisdiction "over only those cases authorized by the United States Constitution and federal statutes." *Lewis v. Napolitano*, No. 11-2137, 2012 WL 274415, at *1 (E.D. La. Jan. 31, 2012) (*citing Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996)). Subject matter jurisdiction may not be waived, and may be examined at any stage in the pendency of an action upon the motion of a party or by the court sua sponte. *Coury*, 85 F.3d at 248; *Lewis*, 2012 WL 274415, at *1. The burden of demonstrating subject matter jurisdiction lies with the party invoking federal jurisdiction. *Lewis*, 2012 WL 274415, at *1 (*citing Ramming v. United States*, 74 F.3d 158, 161 (5th Cir. 2001)). When considering a motion to dismiss pursuant to Rule 12(b)(1), the court may look to (1) the complaint alone, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts and the court's resolution of disputed facts. *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996). The court considers the complaint alone when a defendant makes a facial attack on the plaintiff's complaint by simply filing a Rule 12(b)(1) motion; the allegations in the complaint are presumed to be true and the court evaluates whether the plaintiff has stated sufficient grounds for asserting jurisdiction. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). On the other hand, a defendant may make a factual attack on the complaint by submitting affidavits, testimony, or other evidence along with his motion to dismiss. *Id.* A plaintiff responding to a factual attack must also submit evidence to meet his burden of proving jurisdiction by a preponderance of the evidence. *Id.*

**B.      Analysis**

1. The United States as Sole Defendant

The FTCA constitutes a limited waiver of sovereign immunity, authorizing suits in federal court against the United States "for injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346. The FTCA provides an exclusive remedy for plaintiffs injured by a government employee's wrongful or negligent acts or omissions occurring within the scope of his employment, shielding federal employees from personal liability in these matters. 28 U.S.C. § 2679(b)(1). Suits brought under the FTCA must be brought against the United States, not against any federal agency. 28 U.S.C. § 2679(a). A suit brought against a federal agency or employee under the FTCA must be dismissed for lack of jurisdiction. *Lewis*, 2012 WL 274415, at *2 (*citing Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988)). Plaintiff herein has brought suit against Janet Napolitano, Secretary of the Department of Homeland Security, and, as such, the case must be dismissed.

2.   Intentional Tort Exceptions to the FTCA

However, even if Plaintiffs were permitted to amend their complaint to name the United States as defendant, the Court would still have to dismiss Plaintiffs' action for lack of jurisdiction because the conduct alleged by Plaintiffs falls in the intentional tort exception to the FTCA. Several exceptions limit the FTCA's waiver of sovereign immunity, and these exceptions must be strictly construed in favor of the government. *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1996) (*citing Atorie Air. Inc. v. Federal Aviation Admin.*, 942 F.2d 954, 958 (5th Cir. 1991)). The intentional tort exception states that the FTCA does not apply to "[a]ny claim arising

4

out of *assault, battery*, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, *slander*, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h) (emphasis added).

To determine whether a claim arises out of the intentional torts outlined in the exception, "the Court examines 'the conduct upon which the plaintiff's claim is based.'" *Lewis*, 2012 WL 274415, at *3 (26 F.3d at 594). "If the conduct upon which a claim is based constitutes a claim 'arising out of' any one of the torts listed in section 2680(h), then the federal courts have no jurisdiction to hear that claim." *Truman*, 26 F.3d at 594. While the plaintiff may style a claim in such a way that it is not listed in section 2680(h), the claim must still be dismissed for lack of jurisdiction if the conduct giving rise to the claim would be sufficient to state an excepted cause of action. *Lewis*, 2012 WL 274415, at *3 (*quoting Truman*, 26 F.3d at 594). Thus, even when a plaintiff alleges negligence on the part of the government, the claim may still be barred if the basis of the negligence is the failure to prevent an employee's intentional tort. *Id.* Further, a court must dismiss a claim arising out of conduct that would constitute a tort enumerated in section 2680(h), even if the conduct may also establish an unenumerated tort. *Truman*, 26 F.3d at 594.

Here, Plaintiffs have asserted claims for battery, sexual harassment, slander, negligence, negligent hiring, negligent supervision, intentional infliction of emotional distress, and loss of consortium. Plaintiffs' claims for battery and slander are specifically excepted under the FTCA. 28 U.S.C. § 2680(h). In addition, Plaintiffs' negligence claims must be dismissed as they are based on Defendant's failure to prevent these intentional torts of Mr. Davison. *See Lewis*, 2012 WL 274415, at *3 (*quoting Truman*, 26 F.3d at 594).

While sexual harassment and intentional infliction of emotional distress are not

5

mentioned in section 2680(h), such claims are barred when based on conduct that would establish a tort listed therein. *Lewis*, 2012 WL 274415, at *3. In *Lewis v. Napolitano*, Chief Judge Sarah Vance granted defendant's motion to dismiss in a case nearly identical to the one at hand. *Id.* The plaintiff therein also worked for the Transportation Security Administration at the New Orleans airport and alleged that she was harassed by Mr. Davison. *Id.* Because the plaintiff based her claim on offensive touching and remarks, Chief Judge Vance found that "the conduct underlying plaintiff's claim of intentional infliction of emotional distress arises out of conduct that constitutes a tort enumerated in Section 2680(h)." *Id.* Similarly, Plaintiffs herein assert liability for sexual harassment and intentional infliction of emotional distress resulting from Mr. Davison's making inappropriate remarks to Mrs. Fleming, touching her body, and spreading rumors about her. These allegations establish causes of action for assault, battery, and slander; Plaintiffs' sexual harassment and intentional infliction of emotional distress claims must be dismissed as well because they arise out of actions that would constitute intentional torts enumerated in section 2680(h).

Finally, Plaintiffs contend that Defendant is liable to Mr. Fleming for loss of consortium. Plaintiffs claim that their marriage suffered as a result of Mr. Davison's treatment of Mrs. Fleming; while they had a good sexual relationship prior to Mrs. Fleming's employment under Mr. Davison, the conduct of Mr. Davison disturbed Mrs. Fleming such that she was unable to engage in sexual relations with Mr. Fleming. As with Plaintiffs' other claims, the loss of consortium resulted from the battery, assault, and slander committed by Mr. Davison. Section 2680(h) therefore bars this claim, and it must be dismissed as well.

3. Law Enforcement Proviso

Section 2680(h) states that while the enumerated intentional torts are generally excepted, the FTCA does cover claims arising from an investigative or law enforcement officer's "assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution." 28 U.S.C. § 2680(h). The statute goes on to explain that "'investigative or law enforcement officer' means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." *Id.*

Plaintiffs contend that this proviso applies here because Mr. Davison is a law enforcement officer. In response, Defendant submits the affidavit of Larry Austin, who served as Federal Security Director of the New Orleans airport from August 2008 through December 2010. Exhibit A to Rec. Doc. 24. Mr. Austin states that Mr. Davison worked under his authority and that "Mr. Davison was not empowered by law to execute searches, to seize evidence, or to make arrests for violations of federal law." *Id.* Plaintiffs have not submitted any evidence to contradict this statement made by Mr. Austin; therefore, the only evidence before the court indicates that this Court may not exercise jurisdiction over this case under the law enforcement proviso. Plaintiffs have thus failed to meet their burden of proving federal jurisdiction by a preponderance of the evidence and their claims must be dismissed. *Paterson v. Weinberger*, 644 F.2d at 523.

**IV. CONCLUSION**

Considering the foregoing, **IT IS ORDERED** that the **"Motion to Dismiss" (Rec. Doc. 16)** is **GRANTED**.

New Orleans, Louisiana, this 4th day of April, 2012.

_____
**KURT D. ENGELHARDT**
**United States District Judge**